October 29, 2010 [VERY URGENT PLEASE]

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

Amar Paul Singh Sawhney

CIVIL ACTION No. 09-7651  L (1)  Pro-se

Versus

TD-Ameritrade, et al            Honorable Judge Eldon E. Fallon
                                and

Honorable Magistrate Judge Sally Shushan

REPLY TO DEFENDANT'S OPPOSITION

**The Plaintiff's once more, sincere, respectful and timely request to the above Honorable Judges to please and kindly devote some of your precious time to personally consider the basic merits of the case and its underlying facts and truth, in order to reject Defendant's Memorandum [Docket 32] and to kindly reconsider the Court Order [No. 29]. This Request-cum-Response Memorandum is in response to Defendant TD-Ameritrade's attorneys' Docket [32] electronically entered on October 25, 2010, and received, via. USPS First Class, by the Plaintiff on October 28, PM, 2010.**

Now comes Plaintiff Sawhney for 1) making a very brief statement in response to Defendant TD-Ameritrade's (1) Memorandum [re 32] in Opposition to Plaintiff's Motion for Reconsideration and (2) Request [re 32] for Entry of Judgement in the Amount of $17,080.96, and for 2) making a request to your Honors to deny the Defendant's unwarranted request for Entry of Judgement in the amount of $17,080.96, and for 3) making a genuine request to meet with your Honors, at your most convenient day and time, to show Defendant TD-Ameritrades' own logs, records and tapes.

1) Your Honors, as you already may have noticed from your own reviews of Defendant's above stated Response/Memorandum [re 32], there is not even a mention, lest any discussion of, or any answer to, any of the underlying main issues of the case (dispute). In fact, neither the Arbitration nor the Defendant's attorneys have ever even mentioned the dispute's main issues (described with full details numerous times by the Plaintiff) in any logical form or fashion in any of their case submissions. If possible, please have their submissions fairly reviewed by anyone

you comfortably can rely on. Hence, I respectfully request your Honors to simply ask the Defendant to answer only the following one issue alone, if nothing else:

Q.   How come Defendant TD-Ameritrade in real time extended a margin of ~$250,000 and even authorized/approved the purchase of 20,000 GM shares on June 26, 2008 (which clearly increased the number of GM long shares to 70,000 in the Plaintiff's account in real time), but (Defendant) did not let the Plaintiff sell totally legitimate <u>COVERED CALLS to bring a lot of cash </u>(without margin maintenance requirement) into the account and adjust the portfolio, as it had been done numerous times in the past 10 years, during which time period Defendant charged this loyal, longtime client (Plaintiff) hundreds of thousand dollars in transparent commissions and interest charges alone?    AND, YOUR HONORS, THAT IS IT!

2) Your Honors, the Plaintiff is hoping that the subject case still can be amicably settled in your court, if truth, fairness and justice can prevail. However, at any rate, the plaintiff humbly requests your Honors to at least deny/delay the unwarranted, $17,080.96 judgement requested by the Defendant, until the truth and justice could and ultimately would prevail.

3) During Plaintiff's many trips to the Pro-se section of your court, he several times requested the area (Pre-se) officers to kindly let him briefly meet with the Honorable Judges involved in judging the subject case. However, Plaintiff was always told that he just could not see/meet the judge(s). However, the Plaintiff had, in his files, a pre-drafted Order titled "ORDER CONFIRMING ARBITRATION AWARD," attached herewith, which Defendant apparently had prepared and submitted to the court much in advance (of Order No. 29). As you may see, the line 2 of this Order reads *"and being otherwise fully informed in the premises, hereby grants.......Award No. 08-04168."* Since the pre- drafting and -submission by Defendant and especially the somewhat strange wording on line 2 (in italics above) had created some curosity, Plaintiff, during his last visit to the court, took the said Order to the Pro-se section, in order to understand what the wording "in the premises" really meant. However, the two Pro-se officers the plaintiff had the opportunity to talk to said that they had no idea (i.e., they claimed that they did not know what the phrase "in the premises" meant). Since in plain English, the word premises simply means a house or building, the plaintiff thinks that the phrase probably meant that the Defendant and the Honorable Judge (or her/his representative) possibly could have met and talked (discuss the case) in the court. If it is so and if it indeed is possible to meet with your Honor (s) to briefly discuss the true gist of the case, the Plaitiff would also be highly obliged to have that kind of opportunity. And if granted, the Plaitif's contact information is given below.

**Best regards, as always.**

**Sincerely,**

*[signature]*
10-29-2010  AH

A. P. S. Sawhney
4709 Sheridan Avenue
Metairie, LA 70002

Tel: (504) 286-4568
<paulsawhney@hotmail.com>

cc

Ms. Janine Lucas, Esqr.
Mr. J R McMahan III, Esqr.