UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMAR PAUL SINGH SAWHNEY | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 09-7651 |
| | * | |
| TD AMERITRADE, INC. | * | SECTION "L"(1) |

**ORDER & REASONS**

Before the Court is Plaintiff, Amar Paul Singh Sawhney's Motion for Reconsideration of this Court's Order & Reasons of September 17, 2010. (R. 32). The Court has reviewed all the materials submitted by the parties, as well as the applicable law, and is now ready to rule. For the following reasons, Plaintiff's Motion is DENIED.

This case stems from a dispute between Plaintiff and the Defendant, TD Ameritrade, Inc., involving Plaintiff's use of Defendant's online securities brokering system. This dispute was submitted to arbitration before the Financial Industry Regulatory Authority ("FINRA"), resulting in an arbitration award in favor of the Defendant. Thereafter, Plaintiff filed a Motion to Vacate the arbitration award in this Court, and the Defendant filed a Motion to Confirm the award. *See* (R. 1, 3, 10). The Court reviewed all submitted documents, along with the applicable law, and issued an Order & Reasons on September 17, 2010, denying Plaintiff's Motion, granting Defendant's Motion, and ordering that Plaintiff pay Defendant's costs. *See* (R. 29). Plaintiff now seeks a reconsideration of the Court's Order & Reasons. *See* (R. 32).

The Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp*., 123 F.3d 336, 339 (5th Cir.

1997). However, when a movant seeks review of a judgment, such as in the present case, courts treat a motion for reconsideration as either a Rule 59(e) motion to alter or amend judgment, or as a Rule 60(b) motion for relief from a judgment or order. *Lavespere v. Niagara Mach. & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). The motion is considered a Rule 59(e) motion if filed no later than 28 days of entry of a judgment, and a Rule 60(b) motion if filed after this time period. *See* Fed. R. Civ. P. 59(e). Here, Plaintiff filed his Motion within 28 days of entry of the Court's Order & Reasons; thus, the Motion is treated as a Rule 59(e) motion to alter or amend judgment.

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)(citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors or law or fact, or presenting newly discovered evidence. *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 1667, 174 (5th Cir. 1990); *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters that...simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Technologies, Inc.*, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

In the present case, Plaintiff urges the Court to reconsider its previous Order & Reasons

based upon "the content of the FINRA Arbitration Award...and a fair understanding of the facts of the underlying main issues of the disputed trades involved in the case." (R. 32). However, as the Court explained in its Order & Reasons, it may not vacate an arbitration award "*based on the merits of a party's claim.*" *The Householder Group v. Caughran*, 354 Fed. App'x 848, 851 (5th Cir. 2009)(emphasis added). Thus, Plaintiff's arguments pertaining to the merits of the arbitration award, i.e. the evidence presented to the arbitration panel and the panel's decision, cannot serve as a basis for vacating the arbitration award. Furthermore, these arguments were raised by the Plaintiff in his original Motion to Vacate and reflect only his version of the facts and his dissatisfaction with the panel's decision, none of which are properly raised in a motion for reconsideration. *See Templet,* 367 F.3d at 479; *Voisin,* 2010 WL 3943522, at \*2.

The Court also explained in its previous Order & Reasons that vacating an arbitration agreement may occur only in the four enumerated grounds in 9 U.S.C. § 10(a), and concluded therein that Plaintiff failed to demonstrate any of these grounds existed with regard to the arbitration proceeding. *See* (R. 32). Plaintiff raises generally the same arguments in the present Motion regarding the conduct of the arbitration panel and the arbitration proceedings as he did in his original Motion to Vacate, but with more elaboration and speculation. For example, Plaintiff concludes, without putting forth any evidence, (1) that the arbitration panel did "not read, under[stand] and/or properly and fairly arbitrate[]," and (2) the panel "was clearly unfair and most likely tinted with bias and prejudice against Plaintiff, who incidentally, is a Sikh (i.e., of different religion, race, color, national origin, ect,) and who also has a heavy (Indian) English accent." (R. 32). The Fifth Circuit has prohibited vacateur of an arbitration award based upon similar "conclusory" allegations*. See Moore v. Potter*, 275 Fed. App'x 405, 411(5th Cir.

2008)(refusing to vacate arbitration award based upon conclusory allegations that the arbitrator's decision was not impartial or fair, the arbitrator already had his mind made up about the case, and the arbitrator was incompetent and biased); *see also Evangeline Telephone Co., Inc. v. AT&T Telecomms.*, 916 F.Supp. 598, 600 (W.D. La. 1995)("Plaintiff's allegation is nothing more than sheer speculation; to revisit the decision of the arbitrators absent a specific allegation of fact is not provided for by the LAL and would subvert the arbitration process."). Furthermore, since many of these same arguments were raised in Plaintiff's original Motion to Vacate, the Court may not consider them here in the context of a motion for reconsideration. *See Templet,* 367 F.3d at 479; *Voisin,* 2010 WL 3943522, at *2.

While the Court is sympathetic to Plaintiff's financial circumstances, because the Plaintiff has failed to demonstrate the Court committed "manifest errors of law or fact" in its Order & Reasons, nor has Plaintiff "present[ed] newly discovered evidence," reconsideration of the Order & Reasons is not warranted under the facts or law. *Lavespere,* 910 F.2d at 174; *Templet*, 367 F.3d at 479. Accordingly, for the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Reconsideration (R. 32) is DENIED.

Furthermore, as recognized in the Order & Reasons, the agreement between Plaintiff and Defendant requires Plaintiff to pay for the costs of the Defendant in defending the present case. Thus, IT IS FURTHER ORDERED that Plaintiff fulfill his obligation to pay Defendant's costs, which Defendant now calculates to be $17,080.96. *See* (R. 33). However, Plaintiff is afforded the opportunity to contest the accounting of Defendant's costs, and if Plaintiff exercises this option, further proceedings may be convened accordingly.

New Orleans, Louisiana, this 1st day of December 2010.

                                                                                 _____
                                                                                       U.S. District Judge